IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TONYA CARTER,

    Plaintiff,

Vs.                              No. 1:12-cv-01232-JDB-egb

GRACE HEALTH CARE, MAPLEWOOD
HEALTHCARE, and ROBERT HERRING,

    Defendants.

**REPORT AND RECOMMENDATION**

    Before the Court is the pro se Complaint of Tonya Carter. On October 7, 2012, Plaintiff, a resident of Jackson, Tennessee filed a Complaint against her employer Grace Health Care, Maplewood Healthcare, and Robert Herring, in his role as Administrator. Plaintiff brought her complaint under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g). For the reasons set forth below, the Magistrate Judge recommends that the Complaint be dismissed.

**RELEVANT BACKGROUND**

    Plaintiff alleges in her Complaint that the following meeting on May 31, 2011 between herself and Bob Herring, the

Administrator of Grace Health Care, establishes a case of employment discrimination. On that date of May 31, 2011, the plaintiff was called into the office of the Administrator for a meeting regarding allegations of verbal abuse which she had allegedly made to a resident at the facility. According to the Administrator's report, on Saturday, May 28, 2011, the Plaintiff had allegedly told a resident "to just piss on yourself." Plaintiff denied this allegation and states she replied by telling the Administrator she was not working on that day because she had just got out of the hospital from a heart attack. Then, plaintiff states she was told that she was suspended until further notice. The next day, after listening to her complaint, the Assistant Director of Nursing called her and told her she could come back on June 2, 2011 to speak with the Administrator. Then, on that date, the Administrator told the plaintiff she was cleared of all charges and could immediately return to work and that she would be paid for any work she had missed. Plaintiff filed her charges with the EEOC and was given a Notice of Right to Sue on July 12, 2012 after the EEOC determined that "the EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge."

## STANDARD OF REVIEW

In assessing whether the Complaint in this case states a federal claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[Pleadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

## **ANALYSIS**

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court established a framework for evaluating evidence in discrimination cases where, as here, the plaintiff

3

has no direct evidence of discrimination. That process has been summarized as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reasons for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (internal citations omitted). This standard is used for disparate treatment and retaliation claims under laws proscribing employment discrimination, including Title VII and the ADEA. *See, e.g.*, *Harris v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 594 F.3d 476, 484-85 (6th Cir. 2010); *Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 995-96 (6th Cir. 2009); *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 411 (6th Cir. 2008); *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253. To establish a prima facie case of discrimination, Plaintiff must show that (1) she is a member of a protected group; (2) she was subject to an

adverse employment action; (3) he was otherwise qualified for the position; and (4) she was replaced by someone outside the protected class or, in the alternative, that she was treated differently than similarly situated non-protected employees. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584-85 (6th Cir. 2009); *Russell v. University of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). Title VII of the 1964 Civil Rights Act prohibits discrimination based on sex, race, color, religion, and national origin, in all terms, conditions, and privileges of employment.

In this particular case, the plaintiff Tonya Carter has not established a prima facie case of discrimination. First of all, plaintiff is not part of any protected group included within Title VII of the Civil Rights Act. Title VII applies to discrimination on the basis of sex, race, color, religion, and national origin. Here, the basis of employment discrimination which the plaintiff alleges in her complaint would not be within any of these groups.[1] The basis of the employer's decision to suspend her from her position was not related to her sex, race, color, religion, or national origin. Rather, the employer acted on the basis of a report stating the plaintiff had verbally

---

[1] Plaintiff, in a "Notice of Additional Paperwork" (D.E. 6), asserts that she, as an older employee, was suspended, while the younger employee, who actually verbally abused a resident, was never suspended. She then asks for a $300,000 monetary damages claim. If the Court were to consider this an amendment to the Complaint, it still would fail the disparate treatment and retaliations standard.

5

abused a resident at the nursing home where she was an active employee. As it turned out, such report was inaccurate as it misidentified the alleged perpetrator. As a result, the plaintiff was subsequently exonerated, reinstated to her former position, and awarded lost wages from the time of her suspension. Because plaintiff has failed to meet the first element of the Title VII employment discrimination prima facie case, her claim must fail as a matter of law under FRCP 12(b)(6). Thus, the Magistrate Judge respectfully recommends the claim of discrimination be DISMISSED.

**Respectfully Submitted,**

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

**Date:** **August 7, 2013**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**